**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be received no later than 4:30pm on the 10th day after the decision was issued to be deemed timely filed.
https://www.gaappeals.gov/rules

**July 1, 2026**

# In the Court of Appeals of Georgia

A26A0328. MAXWELL v. MAXWELL.

MERCIER, Judge.

John Maxwell filed a divorce proceeding against Nella Maxwell in the Superior Court of Chatham County in 2018. While the divorce proceeding was pending, Nella filed suit against Truist Investment Services, Inc. f/k/a Suntrust Investment Services, Inc., ("Truist") in the State Court of Chatham County, alleging, inter alia, that John used a forged letter to authorize her removal from brokerage accounts she shared with John, and Truist conspired with John in the removal. Truist moved to dismiss the state court action, arguing that arbitration was compelled, and the trial court granted the motion.[1]

---

[1] Prior to the dismissal of Nella's state court action against Truist, Truist filed a conditional third party complaint against John.

While Nella's appeal of the dismissal was pending in this Court, Nella and John entered into a settlement agreement in the divorce action, whereby they agreed to release any claims against each other and to each other's bank accounts. The trial court incorporated the settlement agreement into the divorce decree.

This Court later affirmed the trial court's dismissal of Nella's state court action against Truist in an unpublished opinion. See *Maxwell v. Truist Inv. Servs.*, A23A0145 (Ga. App. Apr. 18, 2023) (unpublished). Approximately one year later, Nella filed an arbitration action against Truist, alleging that Truist acted negligently, breached its fiduciary duty and conspired with John to remove her from the accounts. Truist filed a third party complaint against John, stating that Nella's "claims against [Truist] are meritless and should be dismissed. However, if the Panel determines that [Truist] is liable to [Nella] in any amount on her claims … [Truist] brings this Third-Party Complaint against John … to recover any and all such amounts from [John] pursuant to the clear terms of the parties' agreements and applicable Georgia law."

John filed the underlying petition for contempt in the divorce action, arguing that Nella released her claims to the Truist accounts and her arbitration proceeding violated the release, and the trial court found Nella to be in contempt. Nella filed this

appeal,[2] arguing that the trial court erred by misinterpreting the settlement agreement, by ruling that her arbitration claim against Truist violated the agreement, by imposing an impermissible civil contempt remedy and by improperly awarding attorney fees against her. Finding no error, we affirm.

1. Nella challenges the contempt order, arguing that the trial court erred by finding that her arbitration action against Truist violated the settlement agreement. "On review, we must affirm a trial court's adjudication of contempt so long as there is 'any evidence' to support it." *Jones v. Jones*, 298 Ga. 762, 767(1) (787 SE2d 682) (2016). "However, where a contempt action turns on the meaning of terms in an incorporated settlement agreement, construction of those terms is a question of law that is subject to de novo review on appeal." *Sutherlin v. Sutherlin*, 301 Ga. 581, 582 (802 SE2d 204) (2017).

The settlement agreement in question provides that

the Parties do mutually remise, release and forever discharge each other from any and all actions, suits, debts, claims, demands and obligations whatsoever, both in law and in equity, which each of them ever had, has or may hereafter have against the other upon or by reason of any matter,

---

[2] We granted Nella's application for discretionary appeal.

cause, act, thing up to the date of this Agreement. Further, John and Nella agreed that "[e]ach party shall have any funds contained in those bank accounts *presently* held in his or her name and each Party waives any claim against each other that he or she may have to the other's funds."(Emphasis added). And John and Nella agreed to "execute all documents, perform all acts, and do all things to transfer any of the assets, or to effectuate any of the [agreement's] provisions and conditions[.]"

However, Nella's arbitration action sought damages from Truist regarding the accounts held in John's name at the time the settlement agreement was executed. She claims that Truist "allow[ed] and/or assist[ed] [John] in the removal of [her] from the joint accounts without the approval and/or notification of [her]" and "[c]ooperat[ed] with [John] and actively participat[ed] in the removal of [her] name from the joint accounts in order to surreptitiously take [her] money from her[.]"

As the Supreme Court of Georgia has explained, in the interpretation of contracts, including settlement agreements, we look to the four corners of the agreement to ascertain the intent of the parties. *Floyd v. Floyd*, 291 Ga. 605, 609(2) (732 SE2d 258) (2012). "But, when a contractual term of a settlement agreement

4

incorporated into a divorce decree is clear, unambiguous, and capable of only one interpretation as written, the plain meaning of the provision must be strictly enforced." Id. (quotation marks omitted).

Here, through the settlement agreement, Nella received all accounts in her name, alimony via a $650,000 lump sum payment and $100,000 a year for ten years, and the proceeds from the sale of the marital home. In the agreement, she clearly released her claims against John and her claims to funds contained in accounts in John's name. The settlement agreement, which was entered into after Nella knew of the alleged forgery and her removal from the Truist accounts, released her claims to John's accounts. See *Hyer v. Citizens & S. National Bank in Macon*, 188 Ga. App. 452, 454(1) (373 SE2d 391) (1988) (the divorce settlement agreement provided that both parties retained all property in their possession, and as such the husband ratified his wife's prior allegedly unauthorized withdrawal from his bank account, because "[t]o hold otherwise would constitute an unjust enrichment to [the husband] since he received all that he had on deposit with [the bank] by virtue of the property settlement he effected with his former wife"). While Nella did not release claims against Truist, she released claims to accounts in John's name, and the trial court did not err by

finding her in contempt of the release by her filing an arbitration proceeding regarding the released accounts. See *Cason v. Cason*, 281 Ga. 296, 297(1) (637 SE2d 716) (2006) ("The trial court has the power to see that there be compliance with the intent and spirit of its decrees and no party should be permitted to take advantage of the letter of a decree to the detriment of the other party.") (quotation marks omitted).

Following the settlement agreement, Nella no longer had a claim to the money, and by filing an arbitration proceeding against Truist for the very accounts she released, Nella violated the terms of the agreement, and such a holding does not constitute an improper modification of the agreement. See *Sutherlin*, 301 Ga. at 583(I) (while the agreement only stated that husband was "'solely responsible'" for indebtedness for the residence, the trial court did not improperly modify the agreement by inferring a duty to make the mortgage payments in a timely manner and holding husband in contempt for his failure to do the same). As Nella filed an arbitration action seeking accounts she had released in the settlement agreement, which was incorporated into the divorce decree, the trial court did not err by finding her in contempt.[3]

---

[3] While Nella argues that the money in the Truist accounts was moved to Raymond James in September of 2017, she fails to point to any evidence in the record

2. After finding Nella in contempt, the trial court ordered that she must indemnify John for the arbitration proceeding. Specifically it held that Nella must "indemnify John for his attorney's fees, costs, and any amounts he may otherwise be directed to pay in connection with any award or ruling issued in the Arbitration," and she must pay the attorney fees and costs John has "incurred to date in the Arbitration." Nella contends that the trial court "imposed an impermissible contempt remedy" by ordering her to pay John's attorney fees and costs already incurred in the arbitration.[4] We disagree.

"The purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders." *Smith v. Smith*, 293 Ga. 563, 564(1) (748 SE2d 456) (2013) (punctuation omitted). "Though it is well-established that a trial

---

to support this contention. As such, we cannot consider this assertion in our review. See *Loveless v. GSH Invs.*, 379 Ga. App. 265, 274(4) (928 SE2d 600) (2026) ("It is axiomatic that the burden is on the appellant to establish error from the record and this burden is not satisfied by mere assertions in a brief." (punctuation omitted)); *In/Ex Systems v. Masud*, 352 Ga. App. 722, 722(1) (835 SE2d 799) (2019) ("[F]actual assertions in appellate briefs and in briefs in the trial record and not otherwise supported by evidence of record cannot be considered on appellate review."(quotation marks omitted)).

[4] Of note, Nella does not argue that the trial court erred by requiring her to indemnify John and to pay John's future attorney fees and costs.

court cannot modify the terms of a divorce decree in a contempt proceeding, a trial court is authorized to exercise its discretion to craft a remedy for contempt." *Jones*, 298 Ga. at 768(2) (quotation marks omitted). Further, "a trial court may impose additional requirements in a contempt decree made necessary by a party's refusal to obey the court's original order." *Froehlich v. Froehlich*, 297 Ga. 551, 555-56(4) (775 SE2d 534) (2015) (punctuation omitted).

Ordinarily, "an award of attorney fees [is] not a proper sanction in a civil contempt action, but ... attorney fees [can] be awarded in a civil contempt action if there [is] some separate authorization for them." *City of Cumming v. Realty Dev. Corp.*, 268 Ga. 461, 462-63(2) (491 SE2d 60) (1997). Parties may be required to pay attorney fees in a contempt proceeding if authorized by statute or by contract. See *McCloskey Int'l Ltd. v. GJ&L*, 379 Ga. App. 44, 46(3) (927 SE2d 596) (2026). As stated above, Nella agreed to "execute all documents, perform all acts, and do all things to transfer any of the assets, or to effectuate any of the provisions and conditions" in the settlement agreement. The trial court's award of John's incurred attorney fees in the arbitration proceeding was not made to punish Nella's civil contempt, but rather as a means to order Nella to effectuate her release of John's

accounts and to reimburse John for the expenses he was forced to incur in that proceeding. See *Froehlich*, 297 Ga. at 556(4) (contempt order can impose additional requirements of the same monetary value as the provision in the original divorce decree).

Further, by ordering Nella to pay John's past attorney fees and costs for the arbitration proceeding she initiated in violation of the divorce decree, "the court below did not modify or rewrite the decree, but rather properly allowed [Nella] to purge [herself of contempt] by complying with its terms." *Floyd*, 291 Ga. at 611(2) (while settlement agreement did not explicitly state that husband was required to reimburse wife for health insurance premiums, the agreement provided that husband shall be responsible for said cost of insurance as long as he had child support obligation for the child "and ordering him to reimburse [wife] for the cost of premiums incurred during the time that he failed to maintain insurance is a reasonable method of compelling him to fulfill his obligation under the divorce decree"). John would not have incurred the attorney fees and costs were it not for Nella's arbitration action, which was in contempt of the divorce decree, and, as such, the trial court did not abuse its discretion by ordering Nella to reimburse John to make him whole. See also

9

*Smith*, 293 Ga. at 564-65(1) (affirmed trial court's contempt order awarding wife monetary compensation when husband claimed he had no knowledge of the whereabouts of the personal property she had been awarded under final judgment because "[t]he relief awarded in the contempt order, made necessary by husband's refusal to obey the original decree, did not modify that decree but remedied the harm caused by husband's contemptuous conduct"). As such, we affirm.

3. Finally, Nella argues that the trial court erred by awarding John attorney fees he incurred in the contempt proceeding under OCGA § 9-15-14. Pursuant to OCGA § 9-15-14, a trial court may award attorney fees in a civil action against a party who asserts a frivolous claim or defense. Here, the trial court found that "Nella's continued pursuit of claims she released in the Divorce Decree lacked substantial justification and evidenced a complete absence of any justiciable issue of law or fact such that an award to John of his reasonable attorney fees and costs is warranted under OCGA § 9-15-14(a),(b)." The trial court directed John to submit an affidavit summarizing his attorney fees for a future determination regarding the amount of fees. As such, the only matter before us is whether an attorney fee award under OCGA §

9-15-14, of some amount to be determined in the future, is appropriate. We review the award of attorney fees for abuse of discretion. See *Jones*, 298 Ga. at 770(3).

In its contempt order, the trial court found that "it is not a reasonable interpretation of ... the Settlement Agreement as a whole (under which Nella received significant consideration) that the parties intended to leave open Nella's ability to continue to pursue a claim to John's funds that were in the Truist accounts." Among other findings, the trial court stated that Nella's arguments "strain[ed] credulity[.]"

The trial court set forth sufficient findings and did not abuse its discretion by holding that attorney fees under OCGA § 9-15-14(a) and (b), of some amount to be determined in the future, were appropriate. See *Shooter Alley v. City of Doraville*, 341 Ga. App. 626, 630(1)(c) (800 SE2d 588) (2017) (affirmed award for attorney fees under OCGA § 9-15-14(a) and (b) when trial court found that appellant wilfully disregarded the injunction without substantial justification and acted in the absence of any justiciable issue of law or fact). Accordingly, we affirm. See id.

*Judgment affirmed. Brown, C. J., and Rickman, P. J., concur.*